UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CITIBANK (SOUTH DAKOTA), N.A., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | NO. 11-11655-PBS |
| | ) | |
| EJAZ JAMIL, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT

December 6, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

Citibank (South Dakota), N.A. ("Citibank")[1] commenced an action in Marlborough District Court against the defendant, Ejaz Jamil ("Jamil"), on April 27, 2010, Case No. 1021CV000267, seeking to collect the amounts allegedly due under a credit card account. More than a year later, on September 19, 2011, Jamil purported to remove the action to this court. In his notice of removal, Jamil contends that he has claims against Citibank and Citibank's attorneys, the law firm of Lustig, Glaser & Wilson, P.C. Although he has listed Lustig, Glaser & Wilson, P.C. as a plaintiff in this action, Jamil has never served any complaint against the law firm.

---

[1] Citibank, N.A. is the successor by merger to Citibank (South Dakota), N.A., the latter being the named plaintiff in the state court action, and the former having assumed the role of plaintiff in the federal court action. Since the distinction between these entities is irrelevant to the issues before this court, they will interchangeably be referred to as "Citibank."

This matter is before the court on Citibank's "Motion to Correct Docket Error and Remand Case to State Court" (Docket No. 4). By separate order, this court has ordered that the docket sheet be corrected to remove the listing of the law firm as a plaintiff, since it is not. For the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that the motion to remand be ALLOWED, and that this case be remanded to state court.

## II. STATEMENT OF FACTS

The following facts are undisputed.[2] On April 27, 2010, Citibank commenced Case No. 1021CV000267 against Jamil in Marlborough District Court, seeking to collect the amounts allegedly due under a credit card account. In June 2010, a default judgment was entered against Jamil, but on October 13, 2010, following a hearing, Jamil's motion to remove default and file a late answer was allowed. Thereafter, the case was actively litigated in state court. For example, Jamil filed a *pro se* answer to the complaint and a motion to dismiss the complaint. The motion to dismiss was denied after a hearing on December 8, 2010, and Jamil's motion for reconsideration was denied on January 26, 2011, after another hearing. Written discovery was exchanged and answered by both parties. On August 22, 2011, Citibank filed a motion for summary judgment which was scheduled for hearing on September 21, 2011 in the Marlborough District Court. How-

---

[2] Copies of the state court docket and pleadings are attached to Citibank's motion papers (Docket No. 4) as well as to Jamil's removal pleadings. (Docket No. 1).

ever, on September 19, 2011, more than a year after the case had begun, Jamil filed a notice of removal and purported to remove the case to this court.

In his notice of removal, Jamil contends that the case raises federal questions under the Fair Debt Collection Practices Act ("FDCPA"), the Fair Credit Billing Act ("FCBA") and possibly other federal laws, due to the conduct of the law firm of Lustig, Glaser and Wilson, P.C. Thus, Jamil asserts that removal was appropriate pursuant to 28 U.S.C. § 1331. (Docket No. 1 at ¶¶ 11-12). He also contends that the removal was timely because a default was initially entered against him, and because the removal was made within 30 days of the filing of the summary judgment motion in state court. (Docket No. 1 at ¶¶ 13-14). It was Jamil's contention during oral argument that he did not know the basis of his federal claims until the summary judgment motion was filed. It is undisputed that Jamil has not served or filed any complaint against Lustig, Glaser and Wilson.

Additional facts will be provided below where appropriate.

### III. DISCUSSION

The removal statute, 28 U.S.C. § 1446(b), provides in relevant part as follows:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended

> pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable....

There is no question that Jamil had to have received a copy of the complaint "through service or otherwise" by the time he filed an answer to the complaint on November 22, 2010, and that he filed the notice of removal well more than 30 days thereafter. Therefore, the notice of removal was untimely. Moreover, the removal cannot be saved on the basis of having been filed within 30 days of Jamil's receipt of the summary judgment motion, since there was nothing in the motion which can support the removal to federal court.

As an initial matter, as Jamil admits, Citibank has only brought state law claims based on state contract law for Jamil's alleged failure to pay amounts due under a credit card agreement, and its summary judgment motion was therefore limited to those claims. See Notice of Removal (Docket No. 1) at ¶ 9 ("Plaintiff's Summary Judgment relies on its entirety on State Laws"). A "[p]laintiff has the prerogative to rely on state law alone although both federal and state law may provide a cause of action." Danca v. Private Heath Care Sys., Inc., 185 F.3d 1, 4 (1st Cir. 1999). Where, as here, "the state court complaint alleged only causes of action under state law[,]" then "the complaint presents no federal question" on its face, and there is no basis for removal. See id.

Furthermore, the federal claims Jamil contends became apparent in the summary judgment pleadings, including claims under the FDCPA, FCBA, and related federal laws, consist only of claims that Jamil contends he can assert against the plaintiff's law firm.

"Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1272 (2009) (internal quotation and punctuation omitted). The Supreme Court has "ruled, emphatically," that federal jurisdiction cannot "rest upon an actual or anticipated counterclaim." Id. See also Rafter v. Stevenson, 680 F. Supp. 2d 275, 279 (D. Me. 2010). Thus, not only are the alleged federal claims against a non-party — the law firm — but even if the summary judgment pleadings first called federal counterclaims against Citibank to Jamil's attention, any such claims still cannot form the basis for removal.

In sum, Jamil has failed to comply with the requirement that a notice of removal be filed within 30 days of service of the original complaint or a subsequent pleading establishing that the case was removable. See JJJ Constructora Y Agregados v. United States Fid. & Guar. Co., 554 F. Supp. 2d 100, 101 (D.P.R. 2006) ("the thirty-day time limitation to file a notice of removal must be strictly construed"); Hill v. Phillips, Barratt, Kaiser Eng'g Ltd., 586 F. Supp. 944, 945 (D. Me. 1985) (same). Therefore, the removal effort was untimely and the case should be remanded to state court.[3]

---

[3] In light of this conclusion the court will not address the other grounds for remand argued by Citibank.

## IV. CONCLUSION

For all the reasons detailed herein, this court recommends to the District Judge to whom this case is assigned that Citibank's Motion to Remand Case to State Court, as found in Docket No. 4, be ALLOWED.[4]

                                              / s / Judith Gail Dein
                                              Judith Gail Dein
                                              U.S. Magistrate Judge

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).