IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------- )
                                                                 )
**Citibank (South Dakota), N.A.**                                )
                                                                 )
**and**                                                          ) Civil Action
                                                                 ) No. 11-CV-11655-PBS
**Lustig, Glaser and Wilson, P.C.**                              )
                                                                 )
            *Plaintiff(s),*                                      )
                                                                 )
**v.**                                                           )
                                                                 )
**Ejaz Jamil, Pro Se,**                                          )
                                                                 )
            *Defendant*                                          )
---------------------------------------------------------------- )

## MOTION TO RECONSIDER DISTRICT COURTS ORDER TO REMAND
### AND
## MOTION TO STAY THE ORDER TO REMAND

COMES NOW, Ejaz Jamil, Pro Se, files this motion to reconsider and stay of the December 28, 2011 order of this court remanding the case to the State Court. Pursuant to Fed. Rule for Civ. Proc. Rule 27(b), "*A party adversely affected by the court's, or the clerk's, action may file a motion to reconsider, vacate, or modify that action.*", the defendant files this Motion to Reconsider and Stay the Remand Order until this court decides on this motion. The defendant is adversely affected by this courts decision to remand and requests this court to reconsider, vacate or modify the December 28, 2011 order to remand. In light of the reconsideration the defendant states as follows:

## I.     INTRODUCTION

1.     On April 27, 2010, Citibank (South Dakota), N.A., filed a suit at the Marlborough District Court asking the defendant to pay $8,414.06 on a credit card debt. The Plaintiff Citibank through it's attorney Lustig, Glaser & Wilson, P.C., secured a default judgment, which was subsequently vacated by the Marlborough District Court due to improper service of process. Litigation continued thereafter and each party propounded discoveries. On or around June 21, 2011, the State court denied

defendant's motion to compel on grounds of Plaintiff's statement that they do not have further documents to produce. The Plaintiff filed the Motion for Summary Judgment on August 19, 2011 stating grounds for a judgment against the defendant followed by exhibits which contained a new contract and a sworn affidavit. Upon receipt of the Summary Judgment motion, the defendant filed a notice of removal to this court stating multiple grounds for removal. Plaintiff(s) immediately filed motion to remand to this court. On October 17, 2011, the defendant filed an opposition to the remand and an amendment to the notice of removal pursuant to 28. U.S.C. §1653. But, the magistrate judge recommended a remand of this case to the State Court without consideration of subsequent pleading. The defendant then timely filed an opposition to the magistrate judge's recommendation on or around December 15, 2011. The District Judge then adopted the recommendation of the Magistrate Judge. The District Judge's order does not indicate a *de novo* review because the order appear to completely approve the Magistrate Judge's report and order without any separate analysis, explanations and citations why the objections and amendments were not considered.

2.    As a reason for remand, the Magistrate Judge stated that:

a) The Defendant in the notice of removal *only* mentions about the Lustig, Glaser & Wilson, P.C., who was not the Plaintiff in the State Court.

b) The filing of the notice of removal was *not timely* and exceeds the 30 days limit from the date of serving the complaint.

c) There was *nothing* in the Summary Judgment motion which will allow a removal.

d) The Plaintiff(s) was seeking relief from State Law, therefore, federal question may not arise.

3.    This motion to reconsider is necessary which the defendant believes that this court have misunderstood the arguments presented on each grounds in this removal action. Law allows motion to reconsider to correct manifest errors of law and fact, or to present newly discovered evidence. *Wolves v. National Railroad Passenger Corp.*, 1990 WL 84519, at *1 (N.D. Ill. 1990) (not reported in F. Supp.)

(citing *Publisher's Resource Inc. v. Walker-David Publications, Inc.*, 726 F.2d 557, 561 (7th Cir. 1985)). A motion to reconsider a remand order is proper "where the court has patently *misunderstood a party*, or has made a decision outside the adversarial issues presented to the Court by the parties, which made an error not of reasoning but of apprehension." *Calderon*, 56 F.Supp. 2d at 999 (citing *Bank of Waunake v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)). "A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *State Bank of India v. Commercial Steel Corp.*, 2001 WL 423001, at *2 (N.D.Ill. 2001) (not reported in F.Supp.2d). In light of the above the defendant states that the order should be reconsidered on the basis of the arguments described in the following subsections.

4.    This case may appear simple, which is not. The complexity arose when the Plaintiff Citibank filed the Summary Judgment motion (and the exhibits attached with that motion) which contradicted with what they presented during discovery. An initial look at the Summary Judgment motion may appear fairly straight forward, and an initial analysis may find "nothing" (as the magistrate judge stated in her findings), but an in-depth review will reveal some issues making this case removable on valid grounds. The defendant describes this in the following arguments the reasons why the District Court should vacate the remand order.

## II.    SUMMARY OF FACTS

5.    The arguments are presented on the basis of the following facts quickly noticeable from the Summary Judgment motion:

(a) In the Summary Judgment motion, the Plaintiff attached a new contract (year 2004) which was not presented to the defendant at the time of discovery and prior to the State Court's ruling that the Plaintiff will present all the documents presented at the time prior to the Summary Judgment motion (Defendant's motion to compel was therefore denied).

(b) The new contract (with the Summary Judgment motion) use different fees, interest rates, late fees, etc. compared to the contract presented at the time of discovery.

(c) Both the contract presented contain the Applicable Law section which states clearly that Federal Law or Law of South Dakota will apply ("terms and enforcement"). There was no mention of any other State law.

(d) Plaintiff Citibank states that this is a credit-card debt, which is under the federal open-ended credit enforced by Truth In Lending Act (presently amended to Credit Card Act of 2009).

(e) Plaintiff Citibank representative Leola Phenix states in the affidavit paragraph 3 that the defendant applied for credit card but failed to provide any evidence. On the other hand, the defendant provided proof that he never signed any contract in the Notice of Removal, Exhibit 10. In paragraph 6 of the same affidavit, Leola states that the defendant agreed to the terms and conditions, which is essentially false, as is evident from the letters attached in Exhibit 10, in the Notice of Removal (which shows that the defendant did not sign and agreed to the terms and conditions).

## III.   ARGUMENTS

### A.   RECONSIDERATION

6.   **This court should decide the removal based on presented facts.** The Notice of Removal contained all supporting documents, exhibits, pleadings and motions necessary to consider removal. Plaintiff's motion to remand highlights FDCPA and the notice of removal may appear to emphasize on FDCPA, but it also brings other grounds for removal. Due to the fact that the Notice of Removal may mislead the actual removal ground, the defendant immediately filed an amendment with the opposition to the remand on October 17, 2011, explaining and correcting technical issues. Under 28 U.S.C. § 1653, a court may permit a defendant to amend a notice of removal to correct defects in allegations of jurisdiction. 28 U.S.C. § 1653; *J & R Ice Cream Corp. v. Ca. Smoothie Licensing Corp., 31 F.3d 1259, 1265 n.3 (3d Cir. 1994); 881 F. Supp. at 164-65* (allowing amendment to cure technical pleading deficiencies). The court has not commented on the opposition to remand and amendment of October 17, 2011 and to the objection to magistrate judge's R&R. A District Judge is required to do a *de novo* review of the entire case, which appear to have not taken place because the Order from the

Magistrate Judge and the District Judge did not contain any reference to these two latest pleadings, any explanation to why the arguments were rejected on individual grounds and no case citations were provided. It is well established fact that "*When the issue is not raised by one of the parties, a district court is required, on its own accord, to inquire into and determine whether federal question exists over a removed case.*" See *14C Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 4th §3739 (2009). American Policyholders Ins. Co. v. Nyacol Products, Inc., 989 F. 2d. 1256 (1st Cir. 1993),* cert denied, *510 U.S. 1040, 114 S. Ct. 682, 126 L. Ed. 2d. 650 (1994).* In the case of, *Charles D. Bonanno Linen Service, Inc. v. McCarthy, 708 F.2d 1, 9 (1st Cir. 1983) (Breyer, J.)* The defendant is not entirely convinced if the District Court did a thorough review in deciding the remand. As a Pro Se litigator, the defendant may not have filed pleadings with the same standard as drafted by lawyers, and in the format which this court is used to, but law should apply equally regardless of whether a lawyer is involved or not. It would be prejudicial if this court does not evaluate all the presented facts which includes all the pleadings filed in this case.

7. **By relying on state law, Citibank essentially amended their complaint.** The defendant does not disagree that Citibank in the Summary Judgment motion relied on state law (see paragraph 2.d above). But defendant objects that Citibank's reliance on State Law was improper because the contract itself state that the "terms and enforcement" will be enforced by Federal Law. It is clear from the Summary Judgment motion that the Plaintiff have emphasized on the contract as the binding agreement between the defendant and the Plaintiff, but then violated the contract by applying State Law instead of Federal Law (Law of South Dakota is also quoted, but it will not apply in Massachusetts) . By applying State Law, Citibank essentially amended their original complaint due to the fact that the initial complaint did not indicate which law would apply, but the Summary Judgment motion stated clearly that State Law would apply. Because Citibank did not disclose initially the State Law reliance, it may be implied that the initial complaint was relying on Federal Law to align with the contract. Citibank, therefore, amended the complaint when the Summary Judgment motion was filed. Therefore, from that

date, the 30 days counting begun for this removal. Although the Plaintiff is the "master of the complaint and decides which law would apply" may not apply State Law where the contract itself states that Federal Law will apply. Magistrate Judge's R&R ignored the contract and agreed with the Plaintiff that State Law could be applied, which was improper.

        8.    **Citibank's Summary Judgment give rise to new claim.** As stated in the October 17, 2011 opposition to remand and amendment to the pleading, Citibank, by introducing a new contract at the time of Summary Judgment motion essentially gave rise to a new claim. Because applying the older contract on the billing statements will make many statements incorrect (billing statements were attached as exhibits in the summary judgment motion). Citibank should have presented only one contract in this case, instead they presented two, each of which were different. Adding a different contract at the time of Summary Judgment motion was a **corrective** (emphasis added) measure for the Plaintiff Citibank and should be considered as an amendment to the complaint or a claim arising under TILA and FCBA. The reason why it should be considered as an amendment is explained in paragraph 7. The reason why it should be considered as a claim is as follows: a) if the previous contract is applied, a majority of the billing statements disagree with the finance charges, interest rates and fees. Therefore there would be FCBA claim because Citibank will be in violation of FCBA. In order to suppress the FCBA claim, Citibank added the new contract. Because this makes an FCBA correction, Citibank was essentially making a claim arising under Fair Credit Billing Act. Although FCBA is supposed to protect a consumer, by adding the new corrective contract, Citibank acted as the consumer to correct its own mistake. With the old contract there would be no claim (at least it does not match what is written in the contract) but the new contract makes the necessary correction and therefore a claim (or demand) arose. Also, by making correction, Citibank essentially made a late amendment to their complaint or filed an amended pleading which made this action removable. For the above reasons, the 30 days counting period started when the Summary Judgment motion was filed.

9. **Individual removal grounds should be independently analyzed**. The

Magistrate Judge's R&R (which the District Judge adopted) does not contain any reasonable explanation

and citations why each of the multiple individual removal grounds were invalid for removal. The case

was remanded because the notice of removal was not filed within 30 days after the defendant was served

with a complaint. But absent from the order was the reason when the 30 days period was started. Law is

clear on when the 30 days period starts counting. 28 U.S.C. § 1446(b) states that the 30 days counting

starts when "a copy of an amended pleading, motion, order or other paper" makes the case removable.

On the other hand, 28 U.S.C. § 1441(c) states that if an independent causes of action is joined with

otherwise non-removable claims or causes of action makes the action removable.

§ 1446. Procedure for removal
(a) A defendant or defendants desiring to remove any civil action or criminal prosecution
from a State court shall file in the district court of the United States for the district and
division within which such action is pending a notice of removal signed pursuant to Rule
11 of the Federal Rules of Civil Procedure and containing a short and plain statement of
the grounds for removal, together with a copy of all process, pleadings, and orders served
upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days
after the receipt by the defendant, through service or otherwise, of a copy of the initial
pleading setting forth the claim for relief upon which such action or proceeding is based,
or within thirty days after the service of summons upon the defendant if such initial
pleading has then been filed in court and is not required to be served on the defendant,
whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be
filed within thirty days after receipt by the defendant, through service or otherwise, of a
copy of an amended pleading, motion, order or other paper from which it may first be
ascertained that the case is one which is or has become removable, except that a case may
not be removed on the basis of jurisdiction conferred by section 1332 of this title more
than 1 year after commencement of the action.

§ 1441. Actions removable generally
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought
in a State court of which the district courts of the United States have original jurisdiction,
may be removed by the defendant or the defendants, to the district court of the United
States for the district and division embracing the place where such action is pending. For
purposes of removal under this chapter, the citizenship of defendants sued under fictitious
names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a
claim or right arising under the Constitution, treaties or laws of the United States shall be

> removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

In light of the above law, this court should have provided reasonable explanation in sufficient debt with case citations the reasons for denial of removal on each individual grounds presented by the defendant. The defendant believes that by swapping contract Plaintiff Citibank made an amended pleading pursuant to 28 U.S.C. § 1446(b) where the "a copy of an amended pleading, motion, order or other paper" was the motion for summary judgment and also gave rise to a claim removable under 28 U.S.C. § 1441(c) "a separate and independent claim or cause of action ... is joined".

10.     **Justice be done in light of all the facts.** Federal Rule of Civil Procedure 60(b)(1) states that the court may relieve a party from an order for "mistake, inadvertence, surprise, or excusable neglect."[1] FED. R. CIV. P. 60(b)(1). United States District Court for the District of Columbia has held that Rule 60(b) "was intended to preserve the 'delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that **justice be done in light of all the facts.**" *Norris v. Salazar, No. 09-01042, 2011 WL 4926096, at \*3 (D.D.C. Oct.18, 2011)* (quoting *Good Luck Nursing Home, Inc. v. Harris, 636 F.2d 572, 577 (D.C. Cir. 1980)*). The determination of "excusable neglect" is an equitable matter that requires consideration of, *inter alia,* the risk of prejudice to the non-movant and whether the movant. *FG Hemisphere Assocs., LLC v. Dem. Rep. Congo, 447 F.3d 835, 838 (D.C. Cir. 2006)* (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395–97 (1993)*); see also *Elec. Privacy Info. Ctr. v. U.S. Dep't of Homeland Sec., No. 09-2084, 2011 WL 4014308, at \*5 (D.D.C. 2011)* ("Relief under Rule 60(b)(1) turns on equitable factors,

---

1   A motion for reconsideration is generally treated as a Fed. R. Civ. P. 59(e) motion if it is filed within 28 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter. See *Mcmanus v. District of Columbia 545 F. Supp. 2d 129, 133 (D.D.C. 2008)* (referencing prior version of Rule 59(e), which provided that a motion to alter or amend a judgment must be made within 10 days instead of 28 days).

notably whether any neglect was excusable.") (citing *Pioneer Inv. Servs. Co., 507 U.S. at 392*). A district court's decisions on Rule 60(b) motions are reviewed for abuse of discretion. *FG Hemisphere Assocs., 447 F.3d at 838.* See Also *Lillie M. Middlebrooks v. Godwin Corporation, Civil Action 11-00922, November 9, 2011, District Judge Beryl A. Howell.* ("holding that motion for reconsideration should be granted upon determination of "excusable neglect".") This court should look at this removal action based on all the facts. Being Pro Se, the defendant may not have written the Notice of Removal in a format this court is familiar with, but the defendant have provided all the facts. And then the defendant continued to try to explain his position by filing the opposition to remand and the objections to the Magistrate Judge's R&R and finally this motion to reconsider.

11. **Refusal to consent to the Magistrate Judge.** The Magistrate Judge's remand order was opposed by the defendant on December 15, 2011. The District Court's Judge adopted the Magistrate Judge's order without consideration of each points raised in the opposition to the Magistrate Judge's decision. In particular, the Magistrate Judge did not have the authority to decide on this particular remand order, because the remand order was a dispositive ruling, the magistrate judge lacked the authority to enter it. Magistrates may issue orders as to non-dispositive pretrial matters, and district courts review such orders under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. 636(b)(1)(A). While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make *de novo* determinations as to those matters if a party objects to the magistrate's recommendations. Id. 636(b)(1)(B), (C). because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purposes of 28 U.S.C. 636(b)(1)(A). While after a remand a case may go forward in the state court, still the order for remand conclusively terminates the matter in the federal court against the will of the party who removed the case. An order of remand predicated on a lack of subject matter jurisdiction is no less dispositive than an order of dismissal in the circumstances appeals courts describe as both orders have the exact same effect by permitting the case to proceed in the

state rather than the federal court. In sum, Congress never intended to vest the power in a non-Article III judge to determine the fundamental question of whether a case could proceed in a federal court. See *First Union Mortgage Corporation, V. Smith, Hels, Lackey, Mcdowell,* 229 F.3d 992 (10th Cir. 2000), No. 99-2238. The defendant contends that District Court Judge's order should have explained in more detail why the removal was not permitted based on all the facts presented where multiple removal grounds existed. Therefore, the District Court Judge should do a *de novo* review of the case based on all the facts and for each of the grounds presented.

12. **Plaintiff Citibank did not raised issues timely.** As stated before, Citibank did not present the new contract and the new affidavit prior to the Summary Judgment timely. It was presented after the State Court judge remarked that all the documents presented (prior to the Summary Judgment motion) will be used at trial. By presenting new issues in the Summary Judgment motion, Plaintiff raised untimely issues, not brought before, should not be allowed.

13. **This court should not allow Plaintiff's contract attached with the summary judgment motion.** This court should not allow the Plaintiff's contract attached with the summary judgment motion. If this case is not removed to the federal court, this court should give instructions to the State Court to disallow the contract attached with the summary judgment motion. Allowing the contract will be prejudicial due to the fact that the Plaintiff secured a denial of the defendant's motion to compel on reason that they "have provided all the documents to be presented at trial" (on June 21, 2011) and then allowing the contract will be favoring the Plaintiff over the defendant.

14. **Even if Lustig, Glaser & Wilson, P.C. ("LGW") was not a party in the state court, this court should allow the defendant to amend/refile or consolidate the claim against LGW.** Notice of Removal brings FDCPA claim against Lustig, Glaser & Wilson, P.C. ("LGW") and adds it as a party in the case. This court has decided that LGW be stricken as Plaintiff. However, FDCPA is a federal statute and any claim arising under this statute may be brought to the Federal Court as a separate case (it was requested in the Notice of Removal, see Conclusion section). As such, this court should

allow the defendant to amend or refile the claim arising against LGW or keep this case in the Federal Court. If, after reconsideration, this court finds that the case should be remanded to the State Court, should keep the claim against LGW as a separate claim (or allow refiling). If, however, this court finds after reconsideration that this case is removable should consolidate pursuant to F.R.C.P 42(a)(2). Federal Rule of Civil Procedure 42(a)(2) states that a district court may order consolidation when faced with actions that contain "*a common question of law or fact.*" FED. R. CIV. P. 42 (a)(2). Consolidation allows courts to avoid the squandering of resources in unnecessary proceedings, and district courts have the authority to exercise discretion in determining if such consolidation is appropriate. See *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys., 770 F. Supp. 2d 283, 286 (D.D.C. 2011)* (stating that in employing this discretion, district courts must "weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated"); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc., 163 F.R.D. 500, 503 (S.D. Ohio 1995)* (in considering whether consolidation is warranted, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). In our case, the consolidation is to keep the FDCPA claim against LGW, FCBA and Breach of Contract (arising under TILA and Credit Card Act of 2009) claim against Citibank, both of which are federal statutes.

## B.    STAY THE REMAND ORDER

15.    The defendant requests this court to stay any action in the State Court until this court decides on this and subsequent motions or orders.

## VII.   CONCLUSION

WEREFORE, for the above reasons, the defendant requests this court to reconsider defendant's notice or removal, vacate the order to remand to state court and allow the case to proceed in this court.

Respectfully submitted,

Date: January 11, 2012

Ejaz Jamil, Pro Se
4 Moulton Road
Southborough, MA 01772
Tel. 781-962-1462

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

------------------------------------------------------------ )
**Citibank (South Dakota), N.A.** )
 )
**and** ) Civil Action
 ) No. 11-CV-11655-PBS
**Lustig, Glaser and Wilson, P.C.** )
 )
 *Plaintiff(s),* )
 )
**v.** )
 )
**Ejaz Jamil, Pro Se,** )
 )
 *Defendant* )
------------------------------------------------------------ )

## **CERTIFICATE OF SERVICE**

I certify that on <u>January 11, 2012</u>, I served a copy of this document to the Plaintiff(s) through its counsel

at Lustig, Glaser & Wilson, P.C., PO Box 9127, Needham, MA 02492 by first class mail.

Ejaz Jamil, Pro Se

4 Moulton Road
Southborough, MA 01772
Tel. 781-962-1462