```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

CITIBANK (SOUTH DAKOTA), N.A.,    )
        Plaintiff,                )
                                  )
        v.                        )    C.A. No. 11-11655-PBS
                                  )
EJAZ JAMIL,                       )
        Defendant.                )
```

MEMORANDUM AND ORDER

For the reasons discussed below, the Court DENIES defendant Jamil's motion for reconsideration.

PROCEDURAL HISTORY

Pro se Defendant Ejaz Jamil ("Jamil") has moved for reconsideration of the Court's 12/23/11 Order adopting Magistrate Judge Dein's 12/6/11 Report and Recommendation as well as reconsideration of the Court's 12/28/11 Order of Remand.[1]  See Docket No. 13.  Citibank opposes the motion.  See Docket No. 14.

Jamil initiated the instant action by removing plaintiff Citibank's collection action from Marlborough District Court.[2]  See Docket No. 1.  The notice of removal was filed over a year after Citibank commenced the action in state court.  Id.  In his notice of removal, Jamil asserted claims under the Fair Debt Collection Practices Act and the Fair Credit Billing Act.  Id. Citibank filed a motion to remand the case to state court.  See

---

[1]

[2]Citibank v. Jamil, No. 1021CV000267 (Marlborough District Court).

Docket No. 4.  At oral argument before Magistrate Judge Dein, Jamil explained that he did not know the basis of his federal claims until Citibank filed a summary judgment motion in state court.  See Docket No. 9.

By Report and Recommendation dated December 6, 2011, Magistrate Judge Dein recommended that Citibank's Motion to Remand Case to State Court be allowed.  See Docket No. 9.  The Report and Recommendation explained that the notice of removal was untimely and, in any event, failed to provide federal removal jurisdiction because Citbank's claims were based upon state law.  See Docket No. 9.

Despite Jamil's objection to the 12/6/11 Report and Recommendation, see Docket No. 10, the undersigned adopted the Report and Recommendation and ordered remand to the state court.  See Docket Nos. 11, 12.  Now before the Court is Jamil's Motion for Reconsideration, see Docket No. 13, as well as Citibank's opposition.  See Docket No. 14.

## DISCUSSION

Jamil purports to bring his motion for reconsideration under Rule 27(b) of the Federal Rules of Civil Procedure.  Rule 27(b) states "(1) The court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court. (2) The party who

2

wants to perpetuate testimony may move for leave to take the depositions, on the same notice and service as if the action were pending in the district court...." Fed. R. Civ. P. 27(b).

The Court is required to construe pro se documents liberally, and such documents are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  It is clear that Rule 27(b) is not the proper rule for seeking reconsideration.  However, even if the court were to construe Jamil's motion as being brought pursuant to Rule 59(e) or Rule 60(b), this Court is without jurisdiction to consider such a motion.

Here, the removal was procedurally defective because Jamil did not comply with the thirty day removal deadline set forth in Section 1446(b) of the removal statute.  It is settled law that an untimely removal constitutes a defect in the removal process, and that a remand based upon such a defect is encompassed by section 1447(c).  Tipp v. AmSouth Bank, 89 F. Supp. 2d 1304, 1307 (S.D. Ala. 2000) (citations omitted).  Because this case was remanded pursuant to Section 1447(c), the Court is precluded by section 1447(d) from reconsidering that remand.

Section 1447(d) of the removal statute provides that "[a]n order remanding a case to the State court from which it was

removed is not reviewable on appeal or otherwise[.]"  28 U.S.C. § 1447(d).  "This language has been universally construed to preclude ... reconsideration by the district court."  <u>Ballard v. District of Columbia</u>, 813 F. Supp. 2d 34, 42 (D.D.C. 2001) citing <u>Seedman v. U.S. Dist. Court for Cent. Dist. of Cal.</u>, 837 F.2d 413, 414 (9th Cir. 1988); <u>see</u> <u>also</u> 20 C. Wright, M. Kane, Federal Practice & Procedure Deskbook § 43 ("An order of remand ends the jurisdiction of the federal court.  The court is required to mail a certified copy of the order to the clerk of the state court, and upon receipt of this copy by the state court, the federal court is without power to vacate the order to remand, even if it be persuaded that the order was erroneous." (footnotes omitted.)).

Here, the Clerk mailed a certified order of remand to the Marlborough District Court on December 28, 2011.  As noted in plaintiff Citibank's Opposition, the case is proceeding in state court.  <u>See</u> Docket No. 14.

## CONCLUSION

Section 1447(d) bars reconsideration of the order issued under § 1447(c) remanding this case.

Accordingly, it is hereby

ORDERED that the defendant's motion for reconsideration

[Docket No. 13] be, and hereby is, DENIED.

SO ORDERED.

| | |
|---|---|
| September 21, 2012 | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |